## WARDREP v. NEW YORK LIFE INS. CO.
### (two cases).
### Nos. 251, 252.
District Court, E. D. Tennessee.
Feb. 22, 1940.

Ray H. Jenkins, of Knoxville, Tenn., for plaintiff.

Mitchell Long, of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

These cases originated in the Chancery Court for Knox County, and were removed to this court by the defendant. After removal the defendant moved the court to strike the cases from the jury docket on the ground that trial by jury was waived by reason of failure of the plaintiff to make and serve demand therefor, as provided by Rule 38. Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for a preservation of the right of jury trial as declared by the Seventh Amendment to the Constitution, U.S.C.A., or as given by United States statute, and specifies the circumstances under which the right may be deemed waived.

Under Rule 38(b) it is provided: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10

days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

Clause (c) provides for the inclusion of the trial of other issues than those for which request has been served by the adverse party.

Clause (d) provides: "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties".

Clause (d) of Rule 5, referred to, provides: "All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter".

The general law in respect of waivers, admitting the literal construction sought by the defendant, negatives the idea, since in the original pleadings filed in the State court the plaintiffs expressly demanded a jury.

 In cases removed from the State court in which the pleadings were so framed as to entitle a plaintiff to a jury trial, the plaintiff is not again required within ten days after the last pleading directed to such issue or at any time to again make the demand.

Where the pleadings in the State court expressly demand a jury to try the issues, and there is no express waiver of the right so demanded, the new rules do not require another demand in the court to which the proceeding is removed.

The motions to strike the cause from the jury calendar will therefore be denied.